IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

      Plaintiff,                       No. CIV S-04-0758 GEB EFB P

vs.

FORSYTHE, et al.,

      Defendants.                 FINDINGS AND RECOMMENDATIONS

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On April 17, 2007, defendants Blackford, Bowers, Carroll, Cry, DeMars, Forsythe, Gust and Perez moved to dismiss this action on the ground that plaintiff failed to exhaust available administrative remedies before filing suit. *See* 42 U.S.C. § 1997e; Fed. R. Civ. P. 12(b). On December 29, 2006, the court informed plaintiff of the requirements for filing an opposition or statement of no opposition to a motion to dismiss. On June 4, 2007, the court informed plaintiff that failure to file a written opposition or a statement of no opposition may be deemed a waiver of any opposition to the motion, gave plaintiff 20 days to file an opposition or statement of non-opposition and warned him that failure to do so could result in dismissal. *See* Fed. R. Civ. P. 41(b). On August 24, 2007, plaintiff filed objections and a request for additional time to file an opposition. On October 12, 2007, the court vacated the findings and

1 recommendations, and gave plaintiff an additional 21 days to file an opposition to the motion to
2 dismiss.  The court cautioned plaintiff that no further extensions of time would be granted, and
3 that failure to comply with the order would result in a recommendation that this action be
4 dismissed.

5      Plaintiff has not filed an opposition or a statement of no opposition to the motion to
6 dismiss.  Instead, on November 2, 2007, plaintiff filed a document styled, "Plaintiff's Opposition
7 to Magistrate Judges' Order," in which he seeks another extension of time to file an opposition
8 to the motion to dismiss.  He assets that the prison was on lockdown for two weeks before he
9 requested the extension of time, and this made it impossible to "to get the copies needed for the
10 plaintiffs' opposition."  Plaintiff does not submit any documents supporting his assertion that
11 there was a lockdown during this time, that it affected him, or that during any such lockdown,
12 use of the law library was suspended for prisoners with impending filing dates.  Given the
13 history of this case, the clear and explicit admonition to plaintiff that there would be no further
14 extension of time, and the absence of evidence that there was a lockdown and, if so, evidence
15 that it affected plaintiff's ability to file his opposition, the court finds that plaintiff has not
16 demonstrated good cause for an extension of time.  The request is therefore denied.

17      The June 4, 2007, order, explained to plaintiff that in cases in which one party is
18 incarcerated and proceeding without counsel, motions ordinarily are submitted on the record
19 without oral argument.  Local Rule 78-230(m).  "Opposition, if any, to the granting of the
20 motion shall be served and filed with the Clerk by the responding party not more than eighteen
21 (18) days, plus three (3) days for mailing or electronic service, after the date of service of the
22 motion."  *Id*.  It also explained that a responding party's failure "to file written opposition or to
23 file a statement of no opposition may be deemed a waiver of any opposition to the granting of
24 the motion and may result in the imposition of sanctions."  *Id*.  Furthermore, it was made clear
25 that a party's failure to comply with any order or with the Local Rules "may be grounds for
26 imposition of any and all sanctions authorized by statute or Rule or within the inherent power of

the Court," Local Rule 11-110, and that the court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

The court repeatedly has directed plaintiff to respond to defendants' April 17, 2007, motion to dismiss. He has not done so. Most recently, he was admonished that no further extensions would be granted. In response, he requested yet another extension of time. Further, he wholly failed to demonstrate good cause for granting the extension.

For all these reasons, the court finds that plaintiff has failed diligently to prosecute this action and that this action should be dismissed without prejudice.

Accordingly, it is RECOMMENDED that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 13, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE