IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY ROY KEETON,

        Plaintiff,                       No. CIV S-04-0758 GEB EFB P

        vs.

DEMARS FORSYTHE,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently pending before the court is defendants' motion to dismiss for plaintiff's failure to exhaust the available administrative remedies. *See* 42 U.S.C. § 1997e(a). Plaintiff opposes. For the following reasons, the court finds that plaintiff has failed to exhaust his administrative remedies.

**I.   Facts**

       This action proceeds on the August 28, 2006, amended complaint in which plaintiff alleges the following: (1) beginning on September 19, 2003, defendant Sgt. Carroll repeatedly searched plaintiff's cell in retaliation for plaintiff's having filed administrative appeals against prison staff; (2) on July 3, 2003, defendant Forsythe repeatedly sexually harassed plaintiff by grabbing plaintiff's genitals and by subjecting plaintiff to a humiliating strip search, in violation

1

of the Eighth Amendment and in retaliation for plaintiff having filed administrative appeals; (3) defendants Blackford, Bowers, Gust and Perez stood and laughed while defendant Forsythe subjected plaintiff to a humiliating strip search; (4) defendant Cry failed to protect plaintiff from defendant Forsythe by refusing to entertain plaintiff's administrative appeals; (5) defendant Forsythe delayed plaintiff's access to medical care for his Type II diabetes by insisting on escorting plaintiff to the medical clinic knowing that plaintiff would refuse the escort out of fear of him; (6) defendant DeMars knew that Forsythe was sexually harassing plaintiff, but failed to protect him.

Defendants have submitted the declaration of N. Grannis, Chief of the Inmate Appeals Branch ("IAB") of the California Department of Corrections and Rehabilitation in support of their motion. Defs.' Mot. to Dism., Attach. 1, Decl. of N. Grannis ("Grannis Decl."), at ¶ 1. The IAB maintains all administrative appeals filed by prisoners and accepted at the final level of review. Grannis Decl., at ¶ 5. Grannis asserts that, having reviewed IAB records for grievances that plaintiff filed, the IAB has not accepted any appeal relating to any of plaintiff's allegations. Grannis attaches several pages from spreadsheets, one entitled "Appellant Screenout Query," and the other entitled "Screenout Records Query." Grannis Decl., Ex. A, B. Exhibit A shows "all log entries for appeals filed by Keeton that have been screened out, and not accepted for review by the IAB." Grannis Decl., at ¶ 11. Exhibit B shows "all log entries for appeals filed by Keeton that have been accepted for review by the IAB." Grannis Decl., at ¶ 11. The court notes that the information shown on Exhibit A includes the prisoner's name and CDC number, "mail date," "category," "Date Received," "IAB Log," "Inst Log," "Check1," and "Check2." Grannis Decl., Exh. A. Grannis offers no explanation of "Check1," and "Check2," and the categories, e.g., "Staff Compliant," "Legal," "Mail," are so general as to be meaningless. Neither does Grannis explain why some grievances have an IAB Log number and others do not, even though none were accepted for review. *See* Grannis Decl., Ex. A. Exhibit B contains columns for the identity and CDC number of the appellant, the location of his imprisonment, "Addressee Name,"

1  "Mail Date," 'Category," "Date Received," and institutional log number.  Grannis Decl., Ex. B.
2  Grannis offers no explanation of these column headings.

3  Attached to plaintiff's opposition to the motion to dismiss is a copy of his July 9, 2003,
4  grievance complaining about the July 3, 2003, conduct of Bowers, Gust, Perez and Forsythe.
5  Pl.'s Opp'n, Ex. A.  He alleged that recently his cell had been searched in retaliation for his
6  filing grievances.  He explained to Forsythe that this was why he was carrying legal papers to the
7  yard, whereupon Forsythe searched plaintiff, intentionally grabbing plaintiff's genitals.  *Id.*
8  Plaintiff complained of this treatment.  Forsythe then informed plaintiff that *he* was the sergeant,
9  displayed his keys, and with Bowers, Gust and Perez, harassed him and placed him in a holding
10 cage, where he was subjected to a sexually humiliating strip search.  *Id*.  On July 10, 2003,
11 defendant Cry rejected this appeal on the ground that plaintiff had "not adequately completed the
12 CDC 602 form or attached the proper documents," explaining that 'the writing is too small to
13 read."  *Id*.  Cry instructed plaintiff to "use one line only and add an additional page front &
14 back."  *Id*.  On July 16, 2003, plaintiff wrote to the Director of Corrections, complaining that
15 Cry's rejection constituted retaliation against plaintiff for filing administrative appeals.  *Id*.  On
16 July 28, 2003, a letter was sent to plaintiff on behalf of Grannis explaining that his
17 letter/complaint was being returned to him, he must follow the appeals' coordinator's
18 instructions and that if he disagrees with the disposition of his first-level appeal, he must take
19 that up with the appeals coordinator.  *Id*.

20 Plaintiff offers no evidence that he filed any grievances about the conduct of defendants
21 DeMars or Cry.

22 **II.    Standards Applicable to This Motion**

23 Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure.
24 While the Ninth Circuit has stated that  Rule 12(b) is the proper mechanism for resolving
25 questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003),
26 the reason underlying that decision has been undermined.  The Ninth Circuit found that failure to

exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[1] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, __ U.S. __, 127, S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

### III. Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[2] As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

[2] On December 29, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

> dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**IV.     Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available

administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). In order to satisfy 42 U.S.C. § 1997e(a), there must be "proper exhaustion." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2007). However, "it is the prison's requirements, and not the PLRA that define the boundaries of proper exhaustion." *Jones v. Bock,* 127 S.Ct. 919, 923 (2007). Thus, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford*, 126 S.Ct. at 2386. Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*., at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*., at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id*., at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*., at § 3084.1(a).

**V.     Analysis**

As noted above, defendants argue that plaintiff failed to exhaust the available administrative remedies with respect to his claims against them. Plaintiff argues that the remedy was not available to him, asserting that he tried to utilize the administrative appeals process, but various prison officials prevented him from doing so effectively. Defendants have submitted evidence, however sketchy, that the IAB did not accept for review any appeal about the matters in the amended complaint. Plaintiff's evidence, however, confirms this. With respect to his

6

allegations against Blackford, Bowers, Carroll, Forsythe, Gust and Perez, plaintiff submitted a timely appeal, which Cry rejected. Cry explained the particular reason for the rejection and instructed plaintiff to submit a new appeal correcting the appeal's deficiencies. Instead of submitting a new appeal for the appeals coordinator to screen, plaintiff wrote to the Director of Corrections complaining about the rejection. In response, Grannis informed plaintiff that he must approach the appeals coordinator with any disagreements he had with the rejection and that he must follow the instructions of the appeals coordinator. Plaintiff submits no evidence that he ever attempted to comply with Cry's instructions, much less that he did so in a timely fashion. Plaintiff has not submitted any evidence that he filed a grievance about the conduct of Cry and DeMars. For these reasons, the court finds that a reasonable fact finder could not conclude on this evidence that plaintiff's exhausted the available administrative remedies for his claims against any defendant.

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' April 17, 2007, motion to dismiss, construed as a motion for summary judgment, be granted;

2. Judgment be entered in favor of defendants; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: February 14, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE